**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ARTHUR REINBERGER,**

**Plaintiff,**

**v.** **Case #:**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

**Defendants.**
______________________________/

**COMPLAINT**

The Plaintiff, ARTHUR REINBERGER (REINBERGER) sues the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (PRUDENTIAL) and states:

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. PRUDENTIAL is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. REINBERGER is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

5. REINBERGER is and/or was a former employee of HCA being employed as a Clinical System Analyst.

6. At all relevant times, REINBERGER was a participant in an employee benefit plan providing disability benefits sponsored by his employer, HCA (Plan).

7. HCA is the Plan Sponsor.

8. HCA is the Plan Administrator.

9. PRUDENTIAL is purported to be the insurer of the Plan.

10. Attached is a group disability insurance policy issued and underwritten by PRUDENTIAL (Policy No. G-44028-TN-1) and incorporated by reference as Exhibit A. REINBERGER believes that the policy was prepared by PRUDENTIAL, not HCA, and he does not know if a formal plan document was ever adopted or if such a document exists.

11. The group disability insurance policy (Exhibit A) was drafted in its entirety by PRUDENTIAL.

12. The group disability insurance policy (Exhibit A) is a contract of adhesion.

13. No other plan documents exist other than the group insurance policy (Exhibit A).

14. No originating plan document exists which instituted the HCA disability plan.

15. No originating plan document or other document exists in which HCA reserved any discretionary authority to itself in relation to the HCA disability plan.

16. The employees or agents of HCA and PRUDENTIAL did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from HCA to PRUDENTIAL before purchasing the group disability insurance policy (Exhibit A) to fund its disability plan.

17. The employees or agents of HCA and PRUDENTIAL did not discuss or correspond about the existence, meaning, or significance of the process required to delegate discretionary authority from HCA to PRUDENTIAL before purchasing the group disability insurance policy (Exhibit A) to fund its disability plan.

18. At the inception of its disability plan, HCA, did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

19. At the time it purchased the group disability insurance policy (Exhibit A) from PRUDENTIAL, HCA did not have any discretionary authority which it could delegate to an insurance company.

20. No document prepared by HCA properly delegates any discretionary authority to PRUDENTIAL.

21. Despite efforts by PRUDENTIAL, PRUDENTIAL was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because or one or more of the following:

a) HCA, never had the authority to delegate discretion to PRUDENTIAL following the inception of its disability plan;

b) Discretionary authority is a material term to the group insurance policy (Exhibit A) that HCA never discussed with PRUDENTIAL;

c) The group disability insurance policy (Exhibit A) is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

d) If it had power to delegate discretion, HCA did not properly delegate discretionary authority over claims decisions to PRUDENTIAL; or

22. To the extent that this court determines that de novo review does not apply to this action, PRUDENTIAL operate under a conflict of interest as PRUDENTIAL funds the plan and makes all claim decisions.

23. REINBERGER became disabled on October 3, 2015.

24. Long Term Disability benefits were offered by the HCA plan and funded by PRUDENTIAL.

25. The Plan has a 147 day elimination period making LTD benefits payable as of February 27, 2016.

26. REINBERGER applied for LTD benefits through Prudential.

27. PRUDENTIAL failed and refused to approve REINBERGER for LTD or pay benefits from February 27, 2016 to date.

28. With respect to all claims made herein, REINBERGER has exhausted or attempted to exhaust all administrative/pre-suit remedies.

29. REINBERGER is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability since February 27, 2016 through filing of this lawsuit.

30. REINBERGER has met the definition of total disability in the plan as evidence by PRUDENTIAL the medical records and PRUDENTIAL's acceptance of the Social Security Administration's finding of disability.

31. There are 12.9 months of past due monthly benefit payments owed. PRUDENTIAL has deprived REINBERGER of the aggregate sum of $5,595.63.

32. REINBERGER is entitled to benefits herein because:

(a) The benefits are permitted under the Plan.

(b) REINBERGER has satisfied all conditions to be eligible to receive the benefits.

(c) REINBERGER has not waived or relinquished entitlement to the benefit.

33. Each monthly benefit payment owed since February 27, 2016, is a liquidated sum, and became liquidated on the date the payment was due and payable. REINBERGER seeks prejudgment interest on each such payment.

34. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), REINBERGER is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. REINBERGER has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, ARTHUR REINBERGER, asks this Court to enter judgment against the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, finding that:

(a) REINBERGER is entitled to Long Term Disability benefits from February 27, 2016, through the filing of this lawsuit; and

(b) REINBERGER must be awarded benefits in the amount not paid to REINBERGER from February 27, 2016, to the date of filing this lawsuit - a total of $5,595.33 - together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(c) REINBERGER must be awarded reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper, including but not limited to:

1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this **24th** day of **March, 2017**.

***_s/ William C. Demas ___***

WILLIAM C. DEMAS, ESQUIRE
Florida Bar # 0142920
demas@tuckerludin.com and
JOHN V. TUCKER, ESQUIRE
Florida Bar # 899917
tucker@tuckerludin.com
TUCKER & LUDIN, P.A.
5235 16th St. North
St. Petersburg, FL 33703
Tel.: (727) 572-5000
Fax: (727) 571-1415
Attorneys for Plaintiff